# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 1, 2012

## MARLON O. WALLS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Montgomery County**
**No. 040025A      Michael R. Jones, Judge**

_____

**No. M2011-02142-CCA-R3-CD - Filed November 16, 2012**

_____

Pro se Petitioner, Marlon O. Walls, appeals the Montgomery County Circuit Court's denial of his motion to re-open his petition for post-conviction relief.[1] Because the Petitioner failed to comply with the statutory requirements for seeking discretionary review of the dismissal of his motion, this court is without jurisdiction to review the appeal, and it is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Dismissed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., J., joined. ROBERT W. WEDEMEYER J., not participating.

Marlon O. Walls, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel Harmon, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Helen Young, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

In 1999, the Petitioner was convicted of first degree felony murder and especially aggravated kidnapping and sentenced to a concurrent term of life imprisonment plus fifteen years. On July 24, 2003, the Petitioner filed his first pro se petition for post-conviction relief alleging, among other things, that trial counsel had failed to appear at his motion for new trial and failed to file a notice of appeal or withdraw from his case. As a result of the first petition

_____

[1]Various documents from Montgomery County Circuit Court spell the Petitioner's last name as "Wall." However, because we are without the benefit of the indictment, we will spell the Petitioner's name as "Walls," consistently with this Court's opinion on direct appeal.

for post-conviction relief, this court granted the Petitioner a delayed appeal.[2] In his direct appeal, the Petitioner challenged the sufficiency of the evidence supporting his convictions as well as argued that the trial court erred by (1) failing provide the jury with an instruction on facilitation and the "natural and probable consequences rule," (2) failing to declare a mistrial, and (3) failing to admit certain proof into evidence. State v. Marlon Orlando Walls, No. M2003-01854-CCA-R3-CD, 2006 WL 151923 (Tenn. Crim. App. Jan. 19, 2006), perm. app. denied (Tenn. May 30, 2006).

On July 28, 2006, the Petitioner, through counsel, filed an "Amended Petition for Post Conviction Relief." Sometime later, counsel filed a motion to withdraw, pursuant to Anders v. California, 386 U.S. 738 (1967), stating that "he has thoroughly investigated and researched the case . . . but has not discovered an issue or argument to make on behalf of the [Petitioner] in a post-conviction relief petition which is not frivolous." Counsel filed a brief and statement of issues on behalf of Petitioner. The post-conviction court granted counsel's motion and appointed new counsel on October 4, 2006.

On May 15, 2007, new counsel filed a motion to dismiss the amended petition for post conviction relief. The motion stated that the Petitioner had "discussed at length with . . . his previous attorney, the trial, facts and issues of his post-conviction petition . . . . [A]fter discussing the issues with both counsel, the [Petitioner] is of the opinion that it would be in his best interest to dismiss the Petition." The post-conviction court granted the Petitioner's motion and dismissed the amended petition for post-conviction relief on June 6, 2007.

Over four years later, on September 7, 2011, the Petitioner filed a motion to reopen his petition for post-conviction relief. The Circuit Court of Montgomery County denied the motion on September 22, 2011, finding that it did "not allege any of the four (4) reasons set out at [T.C.A. §] 40-30-117." On September 27, 2011, the Petitioner filed a notice of appeal in the Circuit Court.

## ANALYSIS

The Petitioner contends that he has stated cognizable claims and that the post-conviction court erred in denying his motion to reopen his petition for post-conviction relief. The State responds that the Petitioner failed to comply with the requirements for appealing the dismissal of a motion to reopen, therefore, his appeal should be summarily dismissed. We agree with the State.

---

[2] On January 23, 2004, the trial court appointed counsel to aid the Petitioner during the pendency of his appeal.

Rule 3(b) of the Tennessee Rules of Appellate Procedure governs appeals as of right in criminal cases and does not encompass appeals from denial of motions to reopen a post-conviction petition. See Tenn.R.App.P 3(b); Rickie Reed v. State, No. W2008-01584-CCA-R3-PC, 2009 WL 782819 (Mar. 25, 2009); Timothy Roberson v. State, No. W2007-00230-CCA-R3-PC, 2007 WL 3286681 (Tenn. Crim. App. Nov. 7, 2007), perm. app. denied (Tenn. Apr. 14, 2008); Miko T. Burl v. State, No. W2005-01640-CCA-R3-PC, 2006 WL 3371395 (Tenn. Crim. App. Nov. 17, 2006). Tennessee Code Annotated section 40-30-217(a) governs an appeal from the denial of a motion to reopen:

> If the motion is denied, the petitioner shall have ten (10) days to file an application in the **court of criminal appeals** seeking permission to appeal. The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion. The state shall have ten (10) days to respond.

T.C.A. § 40-30-217(c) (Supp.1996) (emphasis added)(current version at T.C.A. 40-30-117 (2006)). The Tennessee Supreme Court has summarized the requirements of the statute, stating that it "outlines four requirements of an appeal from a motion to reopen to be considered: (1) the timeliness of filing, (2) the place of filing, (3) the application to be filed, and (4) the attachments to the application." Graham v. State, 90 S.W.3d 687, 689 (Tenn. 2002). When the petitioner fails to follow the statutory requirements seeking review of a denial of a motion to reopen, this court is without jurisdiction to consider the appeal. Mario Gates v. State, No. W2002-02873-CCA-R3-PC, 2003 WL 23100815, at *2 (Tenn. Crim. App. Dec. 31, 2003) (citing John Harold Williams, Jr. v. State, No. W1999-01731-CCA-R3-PC, 2000 WL 303432, at *1 (Tenn. Crim. App. Mar. 23, 2000), perm. app. denied (Tenn. Oct. 16, 2000)).

Here, the Petitioner's notice of appeal cannot be treated as an application for permission to appeal. Although the notice complies with the requirements that an application for permission to appeal be filed within ten (10) days and that it state the date and judgment from which it seeks review, it does not comply with any other requirements. The Petitioner filed the notice in the Montgomery County Circuit Court instead of this court as required under section 40-30-217(c). Additionally, the notice did not state the issues for review or the reasons why the Petitioner deserved relief. Nor did the Petitioner attach the required documents to his notice. We therefore conclude that the Petitioner failed to properly seek review of the post-conviction court's denial of the motion to reopen, and we lack jurisdiction to review the appeal.

## CONCLUSION

Upon review, we conclude that the Petitioner failed to comply with the statutory requirements for seeking discretionary review of the denial of his motion to reopen his post-conviction petition. Because we do not have jurisdiction to review this appeal on the merits, it is dismissed.

_____
CAMILLE R. McMULLEN, JUDGE